## WARD v. LISSNER et al.

### No. 9836.

Court of Civil Appeals of Texas. San Antonio.

July 24, 1935.

Rehearing Denied Aug. 28, 1935.

Hull & Oliver, of San Antonio, for appellant.

Robert G. Harris, of San Antonio, and Sawnie B. Smith, of Edinburg, for appellees.

SMITH, Chief Justice.

It appears from the record that Dilley Flowers owned a certain lot, and office building thereon, in the city of Cisco; that on May 16, 1933, he executed and delivered his promissory note, for $790, payable in two years, to I. E. Lissner and D. A. Saffarans, appellees herein, and at the same time assigned to said appellees, as security for the payment of said note, the rents to be collected from the tenants of said property during the two years following the date of the note. There was no provision in the note or assignment of rents creating or reserving any lien upon the rented property, to secure payment of the debt or delivery of the assigned rents, which, it was provided in the note, were to be collected by Flowers and paid over to appellees.

It appears from parol evidence in the record that, subsequent to the execution of the note and assignment, Flowers sold the rented property to W. T. Ward, with notice of the note and assignment, which had been recorded in the deed records of the county. It also appears that Flowers collected and converted most of the assigned rents, and that appellees received only about $40 of those rents, prior to the commencement of this litigation.

This action was brought by appellees, in October, 1934, against Ward and Flowers, to recover the balance due on the note, and to establish and foreclose an asserted equitable lien upon the rented property to secure payment of the money judgment sought.

Appellees also prayed for the appointment of a receiver of said property, with authority to collect the accruing rents from the property until the debt was liquidated. The trial court granted the prayer for receivership and appointed a receiver and clothed him with the authority prayed for. Under that authority the receiver took over and operated the property, and collected, and impounded in the registry of the court, rents aggregating $292, by which time the two-year period, for which the rents had been assigned, had expired; that is to say, the assignment was of rents to accrue, or to be collected, during the two-year period, beginning May 16, 1933, and ending May 16, 1935, and of those rents the receiver had collected only $292 at the expiration of that two-year period. Under the power granted him the receiver was authorized and directed to continue collecting future rents until the debt sued on was satisfied, notwithstanding the expiration of the period in which those rents had been assigned.

This appeal presents the ultimate question of whether or not the court erred in denying the motion to vacate, and thereby continuing, the receivership. We are of the opinion that the motion should have been granted, and the receivership terminated.

The assignment sued on covered only those rents accruing and collectible during the two-year period from May 16, 1933, to May 16, 1935; and did not purport to assign rents to accrue after the

expiration of that period. The assignment, therefore, did not warrant the appointment of a receiver to collect future rents.

The ultimate ground upon which appellees based their asserted right to a receivership was the alleged equitable lien created in favor of appellees upon the rented property, by reason of the assignment of rents for the lapsed period. We are of the opinion that, since it is apparent, and not denied by appellees, that the value of the security—the real property—greatly exceeds the amount of the debt sued on, and is in no danger of being lost, removed, wasted, or destroyed, pending the adjudication of the question of the existence of the asserted lien, the extraordinary remedy of receivership is not available to the creditor.

Accordingly, the judgment is reversed, and judgment will be here rendered that the receivership be vacated, at the cost of appellees.